DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendants
CITY OF REDDING, JOE ROSSI,
JAY GUTERDING, and BRETT LEONARD

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.H., a minor, by and through her guardian ad litem, Sheila Brown; ESTATE OF ERIC JAY HAMES, by and through its personal represe4ntaitive, Crystal Dunlap-Bennett,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF REDDING, a public entity; JOE ROSSI, an individual; KIP KINNEAVY, an individual; JAY GUTERDING, an individual; BRETT LEONARD, an individual; and DOES 5 through 20 inclusive,<br><br>Defendants. | Case No. 2:20-cv-01435-WBS-DMS<br><br>**JAY GUTERDING ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. William B. Shubb |

Come now CITY OF REDDING, JOE ROSSI, JAY GUTERDING, and BRETT LEONARD ("defendants"),and in answer to the allegations of the First Amended Complaint ("Complaint" or "First Amended Complaint") respond as follows:

## I. <u>JURISDICTION</u>

1. In answer to the allegations of paragraph 1 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and

1. every, all and singular, the allegations contained therein.

2. Admitted.

3. Admitted.

4. In answer to the allegations of paragraph 4 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

5. In answer to the allegations of paragraph 5 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

6. Admitted.

7. In answer to the allegations of paragraph 7 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

8. In answer to the allegations of paragraph 8 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

9. In answer to the allegations of paragraph 9 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

10. Admitted.

## II. FACTS COMMON TO ALL CAUSES OF ACTION

11. In answer to the allegations of paragraph 11 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

401813.1

that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

12. Admitted.

13. Admitted.

14. In answer to the allegations of paragraph 14 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

15. Admitted.

16. In answer to the allegations of paragraph 16 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

17. In answer to the allegations of paragraph 17 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

### III. FIRST CLAIM FOR RELIEF

**Fourth Amendment- Excessive Force (42 U.S.C. §1983)**

(Against Officer Defendants and Does 5-20)

18. In answer to the allegations of paragraph 18 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

19. In answer to the allegations of paragraph 19 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

20. In answer to the allegations of paragraph 20 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for

ANSWER TO FAC
2:20-CV-01435-WBS-DMC

that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

21. In answer to the allegations of paragraph 21 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

22. In answer to the allegations of paragraph 22 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

23. In answer to the allegations of paragraph 23 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## IV. SECOND CLAIM FOR RELIEF

**Fourteenth Amendment – Substantive Due process (42 U.S.C. §1983)**

(Against Officer Defendants and Does 5-20)

24. In answer to the allegations of paragraph 24 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

25. Admitted.

26. Admitted.

27. In answer to the allegations of paragraph 27 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

28. In answer to the allegations of paragraph 28 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

29. In answer to the allegations of paragraph 29 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

30. In answer to the allegations of paragraph 28 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

### V. THIRD CLAIM FOR RELIEF

**Municipal Liability (42 U.S.C. § 1983)**

(Against City)

31. In answer to the allegations of paragraph 31 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

32. Admitted.

33. In answer to the allegations of paragraph 33 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

34. In answer to the allegations of paragraph 34 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

35. In answer to the allegations of paragraph 35 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

36. In answer to the allegations of paragraph 36 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

401813.1

37. In answer to the allegations of paragraph 37 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

38. In answer to the allegations of paragraph 38 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## VI. FOURTH CLAIM FOR RELIEF

**Battery – Wrongful Death and Survival Action (California Common Law)**

(Against All Defendants)

39. In answer to the allegations of paragraph 39 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

40. In answer to the allegations of paragraph 40 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

41. In answer to the allegations of paragraph 41 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

42. In answer to the allegations of paragraph 42 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

43. In answer to the allegations of paragraph 43 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

401813.1

## VII. FIFTH CLAIM FOR RELIEF

**Violation of Bane Act (Cal. Civil Code § 52.1)**

(Against All Defendants)

44. In answer to the allegations of paragraph 44 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

45. In answer to the allegations of paragraph 45 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

46. In answer to the allegations of paragraph 46 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

47. In answer to the allegations of paragraph 47 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

48. In answer to the allegations of paragraph 48 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

49. In answer to the allegations of paragraph 49 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

50. In answer to the allegations of paragraph 50 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

401813.1

51.  In answer to the allegations of paragraph 51 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## VIII. <u>SIXTH CLAIM FOR RELIEF</u>

**Negligence – Wrongful Death and Survival Action (California Common Law)**

(Against All Defendants)

52.  In answer to the allegations of paragraph 52 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

53.  In answer to the allegations of paragraph 53 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

54.  In answer to the allegations of paragraph 54 of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

   a.  In answer to the allegations of paragraph 54 (a) of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

   b.  In answer to the allegations of paragraph 54 (b) of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

   c.  In answer to the allegations of paragraph 54 (c) of the First Amended Complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

55.  In answer to the allegations of paragraph 55 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for

that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

56. In answer to the allegations of paragraph 56 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

57. In answer to the allegations of paragraph 57 of the First Amended Complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

WHEREFORE, defendants pray as hereinafter follows:

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That plaintiff assumed the risk of any injuries and/or damages resulting from the matters set forth in said First Amended complaint, and that said assumption of risk by plaintiff ERIC HAMES was a cause of the injuries and/or damages alleged by plaintiff ERIC HAMES, if any there were.

### SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That plaintiff's decedent assumed the risk of any injuries and/or damages resulting from the matters set forth in said complaint, and that said assumption of risk by decedent was a cause of the injuries and/or damages alleged by plaintiff, if any there were.

/ / /

/ / /

/ / /

## THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That plaintiff's decedent was himself negligent and careless in and about the matters and events set forth in the First Amended complaint, and that said negligence contributed to his alleged injuries and/or damages. The verdict of the jury in favor of plaintiff, if any, which may be rendered in this case must therefore be reduced by the percentage that the negligence of plaintiff's decedent contributed to the accident and injuries complained of, if any there were.

## FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That the First Amended complaint does not state facts sufficient to constitute a cause of action against these answering defendants.

## FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That the matters alleged in the First Amended complaint were caused by the sole negligence of ERIC HAMES.

## SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff's cause of action is barred by reason of the provisions of California Code of Civil Procedure sections 335.1, 340, and 343.

## SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff's cause of action is barred by the statute(s) of limitations as set forth in Government Code Sections 901, 945.4, 945.6, 945.8, and all other applicable statues of

401813.1

limitations.

## EIGHTH AFFIRMATIVE DEFENSE

AS AND FOR ANEIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Decedent was guilty of willful misconduct and wanton and reckless behavior in and about the matters and events set forth in said First Amended complaint; and that said willful misconduct and wanton and reckless behavior contributed to the injuries and damages alleged, if any there were.

## NINTH AFFIRMATIVE DEFENSE

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That decedent willfully, wrongfully, unlawfully, and without just cause or provocation made an assault and battery against and upon the person of defendants; defendants thereupon necessarily defended themself and such acts of force complained of were committed in the necessary protection of defendants' body and person.

Prior to the time when defendants were alleged to have committed the acts complained of, decedent willfully, wrongfully, and unlawfully made an assault upon defendants and would have beaten, bruised, and ill-treated him if defendants have not immediately defended themself against said assault; and in so doing, defendants necessarily and unavoidably came in contact with decedent and threatened decedent, but no more than was necessary for said defense.

Any damages or injuries suffered by plaintiff was occasioned by decedent's own wrongful acts; and the acts of defendants mentioned above are the same acts of which plaintiff complained.

## TENTH AFFIRMATIVE DEFENSE

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At the time and place mentioned in the First Amended complaint, decedent willfully, wrongfully, and unlawfully, and without just cause or provocation made an assault and battery against and upon the person of defendants and other persons present. Decedent would have

beaten, bruised, and seriously injured said person if defendants had not defended themself and others against the acts of decedent. If, in defending themself and others, defendants unavoidably touched and threatened decedent, defendants used only the force reasonably necessary to prevent decedent from further injuring them and other persons present.

Any damages or injuries suffered by plaintiff was occasioned by decedent's own wrongful acts; and the acts of defendants mentioned above are the same acts of which plaintiff complained.

## ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

The decedent willfully and wrongfully provoked the altercation in which he was involved and said provocation by decedent was a cause of the injuries and damages allegedly sustained by plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Should plaintiff recover non-economic damages against any defendants, the liability for non-economic damages is limited to the degree of fault and several liability of said defendants pursuant to Civil Code section 1431.2 and a separate, several judgment shall be rendered against said defendants based upon said defendants' degree of fault and several liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

As a further, separate, affirmative defense, defendants allege that they are entitled to a set-off of any damages recovered by plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering defendants, a public entity, is immune from liability pursuant to

12

ANSWER TO FAC
2:20-CV-01435-WBS-DMC

California Government Code sections 800 et seq.

## FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times mentioned in the First Amended complaint, defendants were public employee of CITY OF REDDING and if they performed any of the acts or omissions alleged as the basis of the First Amended complaint, the acts or omissions were the result of the exercise of the discretion vested in them. Defendants are therefore immune from liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times mentioned in the First Amended complaint, defendants were public employee of CITY OF REDDING and, as such, are not liable for any of these acts or omissions alleged in the First Amended complaint because the First Amended complaint only alleges that defendants are liable based on the acts or omissions of others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendants allege that plaintiff failed to set forth the facts sufficient to state a cause of action due to a failure to comply with claims requirements of the California Government Code §§ 900 et. seq.

## EIGHTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendants alleged employee mentioned in plaintiff's First Amended complaint was, at all times, duly qualified, appointed and acting police officers of City of Redding and peace officers of the State of California and in accordance with the Constitution of the United States and the State of California and the laws of the United States and the laws of the State of California; and at

all times mentioned herein, said officers were engaged in the performance of their regularly assigned duties within the scope of their duties as peace officers of the City of Redding.

## NINETEENTH AFFIRMATIVE DEFENSE

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering defendants acted in good faith and with a reasonable belief that the actions were lawful and further did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

The acts of these answering defendants were lawful and proper and in all respects were reasonable and legal.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

In this connection probable cause existed to believe that plaintiff had committed a public offense and, therefore, probable cause existed to detain and/or arrest plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times relevant to this litigation, plaintiff was subject to restraint as was reasonably necessary for his detention and/or arrest.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times relevant to this litigation, reasonable cause existed to believe that plaintiff had committed a public offense and, therefore, reasonable force was used to effect plaintiff's arrest, to

prevent escape or to overcome resistance.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering defendants are immune from liability pursuant to the provisions of §§ 815, 815.2, 818, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, 844.6, and 845.6 of the Government Code of the State of California.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendants are immune from 42 U.S.C. §1983 liability pursuant to the doctrine of qualified immunity. See *White v. Pauly*, 137 S. Ct. 548 (2017), *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

The facts alleged in the First Amended complaint do not involve any custom, practice, procedure or regulation of defendants, which gives rise to a violation of a constitutional right pursuant to Monell v. New York City Department of Social Services, 436 U.S. 658 (1978).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff has wholly failed to plead facts which give rise to any colorable claim for punitive or exemplary damages against defendants, nor do any such facts exist.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff's claims for punitive or exemplary damages violate defendants' right to

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

procedural due process, substantive due process, and protection from "excessive" fines as guaranteed by the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution, respectively, and the Constitution of the State of California.

WHEREFORE, defendants pray that plaintiff takes nothing by way of the First Amended complaint on file herein and that defendants have judgment for their costs, attorneys' fees and for such other and further relief as the court deems proper.

Respectfully submitted,

Dated: October 5, 2020

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Dale L. Allen*
DALE L. ALLEN
KEVIN P. ALLEN
Attorneys for Defendants
CITY OF REDDING, JOE ROSSI, BRETT LEONARD AND JAY GUTERDING