IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.H., a minor through guardian ad litem, Sheila Brown, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF REDDING, et al., <br><br> Defendants. | No. 2:20-CV-1435-DMC <br><br><br> ORDER |

  Plaintiffs, who are proceeding with retained counsel, bring this civil action. Pending before the Court is Plaintiffs' petition for approval of minor's compromise, ECF No. 104. The unopposed petition was submitted on the record without a hearing.

  "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of a proposed settlement in suits involving minors, the Court must "independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected . . . even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." Salmeron v. U.S., 724 F.2d 1357, 1363 (9th Cir. 1983). In doing so, the district court "should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value

designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." Robidoux, 638 F.3d at 1182.  The district court should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id. at 1181-82.

The Court has reviewed the petition filed in this case, which sets forth the following:

    1.    Sheila Brown is the mother and guardian ad litem of R.H., the minor daughter of decedent Eric Jay Hames.

    2.    R.H. was born in 2017.

    3.    R.H. is the plaintiff in this action and has claims under state and federal law alleging that Defendant officers used excessive force, resulting in the death of her father, Eric Jay Hames.

    4.    Through her guardian ad litem, Plaintiff R.H. engaged the law firm of Taylor and Ring to prosecute her claims.

    5.    The parties engaged in settlement negotiations and achieved a global settlement of $200,000.00.  A total of $1,000.00 of the settlement proceeds are to be paid directly to Sheila Brown to assist with the purchase of a car that she can use to transport R.H. to and from school.

    6.    Sheila Brown believes the settlement is fair to her daughter, R.H., and the settlement is reasonable under the circumstances and that the settlement is in R.H.'s best interests.

    7.    Sheila Brown agreed to pay counsel 40% of the total recovery, plus costs.  The Taylor and Ring law firm has agreed to reduce its attorneys' fees to 18.9% of the total settlement ($37,794.00), with the balance owed to R.H., less costs incurred by the Taylor and Ring law firm.

See ECF No. 104-1, pgs. 2-3.

The petition further demonstrates that a total of $30,467.75 in costs have bee advanced by the Taylor and Ring law firm, as itemized in Exhibit A attached to the declaration of Plaintiffs' counsel, Neil K. Gehlawat.  See ECF No. 104-3.  Pursuant to the negotiated settlement, the total sums owed to minor Plaintiff R.H. will be placed in a structured settlement annuity, in which assignee Pacific Life & Annuity Services, Inc., will provide for periodic payments to be made in the manner outlined in Exhibit B to the Gehlawat declaration, which describes the terms of the structured settlement annuity for R.H.  See ECF No. 104-4.

Pursuant to the terms of the settlement as well as the annuity, Defendants shall pay to Pacific Life & Annuity Services, Inc., a total of $130,729.25. This amount will fund 72 monthly payments (total of six years) starting in the amount of $1,000.00, increasing at a rate of 3% compounded annually. See id. The payments will begin on December 19, 2035, and continue through November 19, 2041. See id. The monthly payments will be structured as follows:

| Year | Amount | Cumulative Payout |
|---|---|---|
| 1 | $1,000.00 | $12,000.00 |
| 2 | $1,030.00 | $24,360.00 |
| 3 | $1,060.90 | $37,090.80 |
| 4 | $1,092.73 | $50,203.52 |
| 5 | $1,125.51 | $63,709.63 |
| 6 | $1,159.27 | $77,620.92 |

See id.

Following conclusion of the monthly payments, R.H. will receive a guaranteed lump-sum payment on December 19, 2042, in the amount of $214.373.64. See id. Under the structured settlement, R.H. will receive a total of $291,995.56. See id. The foregoing is based upon a projected annuity purchase date on or before December 1, 2023. See id.

Plaintiffs request that a total of $69,270.75 be paid to the Taylor and Ring Client Trust Account. See ECF No. 104-2. This amount represents $37,794.00 in fees, plus $30,467.75 in costs advanced by counsel, plus the $1,000.00 payment to Sheila Brown. See id. The remainder of the $200,000.00 settlement – $130,729.25 – will fund the annuity. See id. Upon such payments, Plaintiffs will stipulate to dismissal of this action in its entirety pursuant to Federal Rule of Civil Procedure 41 within seven days. See id.

Upon consideration of the minor's claims, the terms of the settlement, and recoveries in similar cases, the Court finds the settlement to be fair and reasonable. In particular, the settlement in this case was negotiated on the eve of trial following three years of litigation and a thorough investigation of all claims by each party. Further, pursuant to the settlement agreement and terms of the annuity, R.H. will ultimately receive $91,995.56 over the agreed amount of $200,000.00, which the Court finds to be in the minor's best interests as well as fair

and reasonable. Finally, counsel has agreed to a reduced contingency fee, which is further in the minor's best interest as well as fair and reasonable.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' petition for approval of a minor's compromise, ECF No. 104, is GRANTED.

2. The settlement as described herein for compromise of the claims of minor R.H. is APPROVED.

3. Within 30 days of the date of this order, Defendant City of Redding shall make the following payments:

   a. $130,729.25 to Pacific Life & Annuity Services, Inc., for payments to R.H. as described above.

   b. $69,270.75 to the Taylor and Ring Client Trust Account for attorneys' fees, costs, and the $1,000.00 payment to Sheila Brown.

4. Within seven days of these payments, Plaintiffs' counsel shall file a stipulated dismissal of this entire action, with prejudice, pursuant to Federal Rule of Civil Procedure 41.

Dated:  October 17, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE